# EXHIBIT D

## Solicitation Procedures

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NAMCO, LLC,[1] | ) ) ) | Case No. 13-10610 (PJW) |
| Debtor. | ) ) ) ) | |

## SOLICITATION PROCEDURES

Pursuant to the Disclosure Statement Order, the following procedures, as amended, (the "Solicitation Procedures") shall govern the solicitation and tabulation of votes to accept or reject the Plan. These Solicitation Procedures comprise a material part of the Disclosure Statement Order and are incorporated therein by reference.

A.  **Defined Terms**

Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement. Capitalized terms not otherwise defined in the Plan or the Disclosure Statement shall have the following meaning in these Solicitation Procedures:

1. "**Ballot**" means the form or forms distributed to the holders of Claims in the Voting Classes by which such parties may indicate acceptance or rejection of the Plan, including the ballots substantially in the forms attached as Exhibits A and B to the Disclosure Statement Order.

2. **"Bar Date"** means the applicable deadline to file proofs of claim as set by the Court.

3. "**Disputed Claim**" means a Claim subject to a pending claims objection as of the Voting Record Date.

4. "**Resolution Event**" means one or more of the events described in Section C of these Solicitation Procedures.

---

[1] The Debtor in this case, along with the last four digits of its federal tax identification number is Namco, LLC (5145).

2088327-1

5.  "**Scheduled**" means, when referring to a Claim, the manner in which a Claim appears on the Debtor's Schedules.

6.  "**Solicitation Deadline**" means the date by which the Debtor shall mail Solicitation Materials, no later than June 28, 2013.

7.  "**Solicitation Materials**" means the solicitation materials and documents to be sent to holders of Claims in the Voting Classes as provided in the Disclosure Statement Order, which materials will provide such holders with the information needed to vote on the Plan.

8.  "**Voting Classes**" means holders of Claims in Class 3 (Second Lien Claims) and Class 4 (General Unsecured Claims), which are the impaired classes of Claims entitled to vote on the Plan:

9.  "**Voting Deadline**" means July 26, 2013 at 4:00 p.m. Eastern Time.

10. "**Voting Report**" means the report (or reports) to be submitted by the Debtor's Balloting Agent detailing the results of the plan solicitation process.

B.  **Holders of Claims Entitled to Vote to Accept or Reject the Plan**

Only the following holders of Claims in the Voting Classes shall be entitled to vote to accept or reject the Plan with regard to such Claims:

1.  Holders of Claims for which Proofs of Claim have been timely filed by the Bar Date, IF such Proofs of Claim:

    (a) have not been withdrawn, expunged or disallowed as of the Voting Record Date, or

    (b) are not the subject of a pending objection as of the Voting Record Date; provided, however, that a Claim that is subject to a pending objection as of the Voting Record Date shall be entitled to vote if the Claim becomes eligible to vote through a Resolution Event pursuant to the procedures set forth in Section C below;

2.  Holders of Claims that are listed in the Schedules in amounts in excess of $0.00, and for which no Proof of Claim has been timely filed; and

3.  Holders of Claims that arise pursuant to an agreement or settlement with the Debtor, as reflected in a document filed with the Bankruptcy Court, in an order of the Bankruptcy Court or in a document executed by the Debtor pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been filed.

2

C. **Temporary Allowance of Claims for Voting Purposes Only**

The following procedures shall govern the temporary allowance of Claims solely for the purpose of voting on the Plan. For the avoidance of doubt, these procedures shall **not** be used for determining the allowance of any Claim for purposes of distributions under the Plan.

1. Unless otherwise ordered by the Bankruptcy Court, the Holder of a Disputed Claim or the holder of any other Claim that is not entitled to vote on the Plan cannot vote to accept or reject the Plan unless one or more of the following Resolution Events has taken place prior to the Voting Deadline:

    (a) an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

    (b) an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing, as provided in subparagraph 3 below;

    (c) a stipulation or other agreement is executed between the Holder of such Claim and the Debtor (in consultation with the Creditors' Committee) resolving the objection and allowing such Claim in an agreed-upon amount;

    (d) a stipulation or other agreement is executed between the Holder of such Claim and the Debtor (in consultation with the Creditors' Committee) temporarily allowing the holder of such Claim to vote its Claim in an agreed upon amount; or

    (e) the pending Objection to such Claim is voluntarily withdrawn by the Debtor.

2. No later than two business days after a Resolution Event, the Balloting Agent shall distribute the Solicitation Materials to the relevant Holder of such Claim that has been allowed for voting purposes only by such Resolution Event, which will include a Ballot that must be completed and returned by no later than the Voting Deadline. If a Claim has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court after the Voting Deadline but before the filing of the Voting Report, the Balloting Agent shall distribute the Solicitation Materials to the relevant Holder of such Claim within one (1) business day of the entry of the Bankruptcy Court order, which will include a Ballot that must be completed and returned to the Balloting Agent by no later than two (2) business days after receipt from the Balloting Agent, or such other time as may be ordered by the Bankruptcy Court. A Ballot that is completed and returned to the Balloting Agent in accordance with this subsection 2 shall be tabulated in accordance with the Solicitation Procedures, as if timely received by the Voting Deadline.

3. If any party wishes to have its Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot it received or the rules set forth

3

herein, such party must serve on counsel to each of the Debtor and the Creditors' Committee and file with the Bankruptcy Court, on or before **July 1, 2013 at 4:00 p.m. (ET)**, a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") temporarily allowing such Claim for voting purposes.

(a) A Rule 3018(a) Motion must set forth with particularity the amount and classification that such party believes its Claim should be temporarily allowed for voting purposes and the evidentiary support for temporarily allowing such Claim for voting on the Plan.

(b) For any timely-filed Rule 3018(a) Motion, the Ballot in question shall be counted (a) in the amount established in an order entered by the Bankruptcy Court, (b) in the amount agreed to by the Debtor and the moving party or (c) if an order has not been entered by the Bankruptcy Court and the Debtor and the moving party have not come to an agreement as to the relief requested in the Rule 3018(a) Motion, in an amount equal to the preprinted amount on the Ballot, or in the event the moving party did not receive a Ballot, $0.00.

(c) Prior to filing a Rule 3018(a) Motion, a party considering such relief shall contact counsel to the Debtor regarding a consensual resolution of the allowance of such party's claim for voting purposes.

(d) Unresolved Rule 3018(a) Motions with respect to Claim allowance for voting purposes will be heard at the Confirmation Hearing or at such earlier time as the Bankruptcy Court may be available.

4. Notwithstanding any other provisions in these Solicitation Procedures, if an individual Claim has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court, including an order entered by the Bankruptcy Court after the Voting Deadline, such Claim will be allowed temporarily for voting purposes only in the amount so estimated or allowed by the Bankruptcy Court.

5. Notwithstanding anything contained in these Solicitation Procedures, any Claim or Class of Claims that is Allowed in an amount specified in the Plan shall be Allowed for voting purposes in such Allowed amount set forth in the Plan.

D. **Establishing Claim Amounts for Voting Purposes**

In tabulating votes, the hierarchy below shall be used to determine the amount of the Claim associated with each Holder's vote:

1. The Claim amount settled and/or agreed upon by the Debtor (in consultation with the Creditors' Committee), as reflected in a document filed with the Bankruptcy Court, in an order of the Bankruptcy Court or in a document executed by the Debtor pursuant to authority granted by the Bankruptcy Court;

4

2. The Claim amount allowed (temporarily or otherwise) pursuant to a Resolution Event under the procedures set forth herein;

3. The Claim amount contained in a Proof of Claim that has been timely filed by the Bar Date (or deemed timely filed by the Bankruptcy Court) and not subject to a pending objection; <u>provided</u>, <u>however</u>, that timely filed Proofs of Claim in an unliquidated or unknown amount will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code, and will count as Ballots for Claims in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code;

4. The Claim amount listed in the Schedules, provided that such Claim has not been paid in full or in part during these chapter 11 cases; and if paid in part, then the amount set forth on the Debtor's books and records.  Claims scheduled as contingent, disputed or unliquidated will count for satisfying the numeroisity requirement of section 1126(c) of the Bankruptcy Code and will count as Ballots for Claims in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; and

5. For executory contracts and unexpired leases designated for rejection but for which no proof of claim has been filed as of the Voting Record Date, the Claim amount identified by the Debtor and included on the Ballot sent to the counterparty to such contract or lease; and

In the event that a Holder of a Claim identifies a Claim amount on its Ballot that is different from the amount otherwise calculated in accordance with these Solicitation Procedures, such Claim will be allowed temporarily for voting purposes in an amount calculated in accordance with the procedures described herein.  **The Claim amounts established pursuant to the procedures set forth herein shall control solely for voting purposes, and shall not constitute the allowed amount of any Claim for distribution purposes under the Plan.**  Moreover, any amounts filled in on Ballots by the Debtor through the Balloting Agent are not binding for purposes of allowance and distribution.

E. **General Ballot Tabulation**

The following voting procedures and standard assumptions shall be used in tabulating Ballots:

1. Except as otherwise provided herein, unless a Ballot is timely submitted on or before the Voting Deadline, the Debtor shall reject such Ballot as invalid and, therefore, decline to count it in connection with Confirmation;

2. The Balloting Agent will date stamp all Ballots when received.  The Balloting Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Bankruptcy Court;

3. The Debtor will file the Voting Report with the Bankruptcy Court no later than three days before the Confirmation Hearing. The Voting Report shall, among other things, delineate every irregular Ballot, including those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail or damaged. The Voting Report shall indicate the Debtor's intentions with regard to such irregular Ballots;

4. The method of delivery of Ballots to be sent to the Balloting Agent is at the election and risk of each holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Balloting Agent **actually receives** the appropriately, originally executed Ballot;

5. A Ballot containing an original signature is required to be submitted by the entity submitting such Ballot. Delivery of a Ballot to the Balloting Agent by facsimile, email or any other electronic means will not be valid;

6. No Ballot should be sent to the Debtor, the Debtor's agents (other than the Balloting Agent) or the Debtor's financial or legal advisors or the Creditors' Committee or its financial or legal advisors, and if so sent will not be counted;

7. If multiple Ballots are received from the same Holder with respect to the same Claim before the Voting Deadline, the latest-properly completed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot. If multiple ballots for the same claim(s) are received simultaneously and contain inconsistent votes, neither ballot should be counted;

8. Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent a Holder has multiple Claims within the same Class, the Debtor may, in itsscretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes;

9. A person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required or requested by the Balloting Agent, the Debtor or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder;

10. The Debtor (in consultation with the Creditors' Committee), subject to contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

11. Neither the Debtor, nor any other entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than

as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

12. Unless waived or as ordered by the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured before the Voting Deadline or such Ballots will not be counted;

13. In the event a designation of lack of good faith is requested by a party-in-interest under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

14. Subject to any contrary order of the Bankruptcy Court, the Debtor reserves the right to reject any Ballot not in proper form, the acceptance of which, in the opinion of the Debtor, upon consultation with the Creditors' Committee, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided, however, that any such rejections will be documented in the Voting Report; and

15. The following Ballots shall **not** be counted in determining the acceptance or rejection of the Plan:

    (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

    (b) any Ballot cast by or on behalf of an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

    (c) any Ballot that does not contain an original signature;

    (d) any Ballot that is signed but does not otherwise comply with the requirement set forth in subsection 9, above;

    (e) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and

    (f) any Ballot submitted by or on behalf of any entity not entitled to vote pursuant to the Plan, the Disclosure Statement Order or these Solicitation Procedures.

F. **Transferred Claim Procedures**

1. Pre-Voting Record Date Transfers. With respect to a transferred Claim, the transferee shall be entitled to receive the Solicitation Materials and, if the Holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim only if (a) all actions necessary to effectuate the transfer of the Claim, pursuant to Bankruptcy Rule 3001(e), have been completed by the Voting

7

Record Date, or (b) the transferee files and the Bankruptcy Court has docketed by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

2. <u>Post-Voting Record Date Transfers</u>.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote made by the Holder of such Claim as of the Voting Record Date.

G. **Withdrawal of Ballots**

The Debtor proposes to permit and claimant who has delivered a valid Ballot for the acceptance or rejection of the Plan to withdraw such acceptance or rejection by delivering a written notice of withdrawal to Debtor's counsel at any time prior to the Voting Deadline. A notice of withdrawal, to be valid, should (a) contain a description of the Claim to which it relates and the aggregate amount represented by such Claim as allowed for voting purposes, be signed by the withdrawing party in the same manner as the Ballot being withdrawn, contain a certification that the withdrawing party owns the Claim and possesses the right to withdraw the vote sought to be withdrawn, and (d) be received by Debtor's counsel prior to the Voting Deadline.

H. **The Debtor's Reservation of Rights Regarding Modification to the Plan**

The Debtor expressly reserves the right to amend from time to time the terms of the Plan in accordance with its terms (subject to compliance with the requirements of section 1127 of the Bankruptcy Code).

I. **Contact Information**

The contact information for the Debtor's Balloting Agent is by email at tabulation@epiqsystems.com by calling 646-282-2500 or by writing:

| Via First Class Mail: | Via Hand Delivery/ Overnight Courier: |
|---|---|
| **Namco Ballot Processing** **c/o Epiq Bankruptcy Solutions, LLC** **FDR Station, PO Box 5014** **New York, NY 10150-5014** | **Namco Ballot Processing** **c/o Epiq Bankruptcy Solutions, LLC** **757 Third Avenue, 3rd Floor** **New York, NY 10017** |