# **EXHIBIT 1**

**Disclosure Statement Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NAMCO, LLC,[1] | ) | Case No. 13-10610 (PJW) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**ORDER: (A) APPROVING THE DISCLOSURE STATEMENT; (B) FIXING THE VOTING RECORD DATE; (C) APPROVING THE SOLICITATION MATERIALS AND PROCEDURES FOR DISTRIBUTION THEREOF; (D) APPROVING THE FORMS OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON THE DEBTOR'S PLAN OF REORGANIZATION; (E) SCHEDULING A HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF THE CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION; AND (F) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtor and debtor in possession in the above-captioned cases (the "Debtor") for entry of an order (the "Disclosure Statement Order") (a) approving the Disclosure Statement With Respect to the Chapter 11 Plan of Reorganization for Namco, LLC (as the same may be amended, modified and/or supplemented after the date thereof, the "Disclosure Statement"); (b) fixing the voting record date; (c) approving the solicitation materials and procedures for distribution thereof; (d) approving the forms of ballots and establishing procedures for voting on the Chapter 11 Plan of Reorganization for Namco, LLC (as the same may be amended, modified and/or supplemented after the date thereof, the "Plan"); (e) scheduling a hearing and establishing notice and objection procedures in respect of confirmation of the Plan (the "Confirmation Hearing"); and (f) granting related relief;

---

[1] The Debtor in this case, along with the last four digits of its federal tax identification number is Namco, LLC (5145).

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion

1

and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtor having filed with the Court the Disclosure Statement and the Plan; and the Court having reviewed the Disclosure Statement, the Motion, and the responses thereto; and the Court having found and determined that the legal and factual bases set forth in the Motion and at the Disclosure Statement Hearing establish just cause for the relief granted herein; and sufficient notice of the Motion having been given; and no other or further notice being necessary or required; and it appearing to the Court, based upon the full record of these cases that the Motion should be granted; and after due deliberation, and sufficient cause appearing therefor,

      IT IS HEREBY FOUND THAT:

      A      Notice of the Motion and the Disclosure Statement Hearing was served as proposed in the Motion, and such notice constitutes good and sufficient notice to all interested parties and no other or further notice need be provided.

      B      The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

      C      The forms of the Ballots annexed hereto as Exhibits A and B are sufficiently consistent with Official Form No. 14 and adequately addresses the particular needs of these chapter 11 cases and are appropriate for each class of claims that is entitled to vote to accept or reject the Plan.

      D      The forms of the ballots require the furnishing of sufficient information to assure that duplicate ballots are not submitted and tabulated.

E       Ballots need not be provided to the holders of unimpaired claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Senior Lender Claims) because the Plan provides that such classes are unimpaired and, therefore, conclusively presumed to accept the Plan.

F       Ballots need not be provided to the holders of interests in Class 5 (Existing Equity Interests) because such holders are deemed to reject the Plan.

G       The period, set forth below, during which the Debtor may solicit acceptances to the Plan is a reasonable and adequate period of time under the circumstances for creditors to make an informed decision to accept or reject the Plan.

H       The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

I       The notice substantially in the form annexed hereto as Exhibit E (the "Confirmation Hearing Notice") and the procedures set forth below for providing such notice to all creditors and equity security holders of the time, date and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and the contents of the Solicitation Materials (as defined below) comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties. It is hereby

**ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is granted to the extent set forth herein.

2.      The Disclosure Statement is **APPROVED** pursuant to section 1125(a)(1) of the Bankruptcy Code and Bankruptcy Rule 3017(b).  All unresolved objections to the Disclosure Statement are overruled for the reasons stated on the record of the Disclosure Statement Hearing.

3.  The Debtor, in consultation with counsel to the Creditors' Committee, is authorized to make non-material changes to the Disclosure Statement, the Plan and related documents (including the appendices thereto and exhibits to this Disclosure Statement Order) before distributing Solicitation Materials to each creditor or other party in interest in accordance with the terms of this Disclosure Statement Order without further order of the Bankruptcy Court, including changes to correct typographical, clerical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan and related documents and all appendices thereto, including the form of letters of support of the Plan submitted by the Debtor.

4.  The Debtor is authorized to solicit, receive and tabulate votes to accept or reject the Plan in accordance with the Solicitation Procedures attached hereto as Exhibit D and incorporated by reference herein, which are hereby approved.

5.  The following dates and deadlines are hereby established with respect to voting on and confirmation of the Plan:

> (i) June 24, 2013 shall be the date for determining: (a) the holders of claims entitled to receive Solicitation Materials; (b) the holders of claims entitled to vote to accept or reject the Plan; and (c) whether claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of such Claim (the "Record Date");
>
> (ii) the Debtor shall distribute Solicitation Materials and the Confirmation Hearing Notice within five business days of entry of this Disclosure Statement Order (the "Solicitation Deadline");
>
> (iii) As further provided below, any party who wishes to have its claim allowed for purposes of voting on the Plan in a manner or amount that is inconsistent with the Ballot it received or the rules set forth herein shall serve on counsel to each of the Debtor and the Creditors' Committee, and file with the Bankruptcy Court, on or before **the 14th day following the later of (i) the date of service of this Order and (ii) the date of service of an objection, if any, to such claimant's Claim, but in no event later than seven (7) days prior to the Confirmation Hearing at 4pm Eastern Time**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting purposes (the "Rule 3018(a) Motion Deadline").

(iv) All holders of claims in the Voting Classes must complete, execute and return their Ballots so that they are **actually received** by Epiq., the Debtor's Balloting Agent pursuant to the Solicitation Procedures, on or before **July 26, 2013 at 4:00 p.m. Eastern Time** (the "Voting Deadline");

(v) **July 26, 2013 at 4:00 p.m. Eastern Time** shall be the date by which objections to the Plan must be filed with the Bankruptcy Court and served so as to be actually received by the parties set forth in paragraph 7 herein (the "Plan Objection Deadline"); and

(vi) The Bankruptcy Court shall consider confirmation of the Plan at the hearing to be held on [**July [31], 2013] at [11:00 a.m.] (ET)** (the "Confirmation Hearing").

6.  The Debtor is authorized to distribute solicitation materials (the "Solicitation Materials") including:

> a   this Order (without the exhibits annexed hereto);
>
> b   either
>
>> (1) for parties in voting classes, a ballot, together with a return envelope and the Disclosure Statement (with the Plan and other exhibits annexed thereto) in CD-Rom or hard copy book, or
>>
>> (2) for non-voting parties, a Notice of Non-Voting Status (as defined below), as applicable; and
>
> c   with respect to holders of Claims in Classes 3 and 4, a letter from the Creditor's Committee recommending that such holders vote to accept the Plan, which letter will be in form and substance mutually agreeable to the Debtor, and the Creditors' Committee.

by June 28, 2013 (the "Solicitation Commencement Date") to: (A) all persons or entities identified on the Debtor's schedules of liabilities that have been filed pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 (as amended or modified prior to the Record Date, the "Schedules") as holding liquidated, noncontingent, and undisputed claims, in an amount greater than zero dollars, excluding scheduled claims that have been (1) superseded by a timely filed proof of claim, (2) disallowed and/or expunged, or (3) paid in full; (B) all parties

5

having filed timely proofs of claims as reflected on the official claims register maintained by Epiq, as of the close of business on the Record Date, and whose claims have not been disallowed or expunged prior to the Solicitation Commencement Date; and (C) the assignee of a transferred and assigned claim (whether a filed or scheduled claim) shall be entitled to receive such Solicitation Materials if the transfer and assignment has been noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Record Date; and (D) the holders of the Debtor's equity securities, including registered holders as of the Record Date.

7. The Debtor is authorized to distribute a copy of this Order (without the exhibits annexed hereto), the Confirmation Hearing Notice and the Disclosure Statement (together with the Plan and other exhibits annexed thereto) to, among other parties (to the extent such parties did not receive the Solicitation Materials): (a) the United States Trustee for Region 3 (the "United States Trustee"); (b) counsel to the Creditors' Committee; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) all relevant federal, state and local taxing authorities at their statutory addresses; and (h) all parties who have filed a request for service of all pleadings in these cases.

8. Solicitation Materials, which shall include Ballots, shall be distributed to holders, as of the Record Date, of claims in Class 3 (Second Lien Claims) and Class 4 (General Unsecured Claims), which classes are designated under the Plan as entitled to vote to accept or reject the Plan.

9. A copy of this Order, the Confirmation Hearing Notice and Notice of Non-Voting Status shall be distributed to holders, as of the Record Date, of unimpaired claims in Classes 1 (Priority Non-Tax Claims) and 2 (Senior Lender Claims) that are deemed to accept the

Plan and holders of interests in Class 5 (Existing Equity Interests) that are deemed to reject the Plan.

10. The Debtor is not required to distribute copies of the Plan and Disclosure Statement to any holder of a claim or interest in Class 1 (Priority Non-Tax Claims), Class 2 (Senior Lender Claims) and Class 5 (Existing Equity Interests), unless such holder makes a specific request in writing for the same.

11. With respect to addresses from which one or more prior notices served in these cases were returned as undeliverable by the United States Postal Service, the Debtor is excused from distributing Solicitation Materials to those entities listed at such addresses if the Debtor is unable to obtain accurate addresses for such entities before the Solicitation Commencement Date after having exercised good faith efforts to obtain more current addresses, and failure to attempt to re-deliver Solicitation Materials to such entities will not constitute inadequate notice of the Confirmation Hearing, the Voting Deadline, or a violation of Bankruptcy Rule 3017(d).

12. In accordance with section 1125(e) of the Bankruptcy Code, to the fullest extent permitted by law, the Debtor (including its respective directors, officers, employees, shareholders, members, partners, agents or representatives (including attorneys, accountants, financial advisors and investment bankers), each solely in their capacity as such) shall not have any liability on account of soliciting votes on the Plan or participating in such solicitation, for violation of any applicable law, rule, or regulation governing solicitation of acceptance or rejection of a plan or the offer, issuance, sale or purchase of securities.

13. The Debtor shall file the Plan Supplement within 7 days prior to the Confirmation Hearing.

14. The Confirmation Hearing Notice is approved.

15. The Debtor shall submit the vote certification to the Court no later than three (3) days before the Confirmation Hearing.

16. The Confirmation Hearing will be held at [11:00 a.m.] (prevailing Eastern Time) on [July 31], 2013; provided, however, that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtor without further notice to parties other than an announcement at or before the Confirmation Hearing or any adjourned Confirmation Hearing.

17. The Debtor will post the Confirmation Hearing Notice electronically on their chapter 11 website: http://dm.epiq11.com/namco.

18. Objections to confirmation of the Plan, if any, must: (a) be made in writing; (b) state with particularity the legal and factual ground therefor, and, if practicable, propose modification to the Plan that would resolve such objection; (c) conform to the Bankruptcy Rules and the Local Rules; (d) be filed with the Bankruptcy Court electronically; and (e) be served, so as to be received by each of the Notice Parties no later than 4:00 p.m. (prevailing Eastern Time) on July 26, 2013.  The Notice Parties are as follows:

Counsel to the Debtor:        Olshan Frome Wolosky LLP
                              Park Avenue Tower
                              65 East 55th Street
                              New York, NY 10022
                              Attention: Michael S. Fox, Esq.
                                         Jordanna L. Nadritch, Esq.

                              A.M.Saccullo Legal, LLC
                              Co-Counsel for Namco, LLC
                              27 Crimson King Drive
                              Bear, DE 19701
                              Attn: Anthony M. Saccullo, Esq.

| | |
|---|---|
| Counsel to the Creditors' Committee: | Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street<br>17th Floor<br>Wilmington, DE 19801<br>Attention: Robert J. Feinstein, Esq.<br>    Bradford J. Sandler, Esq. |

19.    In the event that multiple objections to confirmation of the Plan are filed, the Debtor and any other party in interest are authorized to file a single, omnibus reply to such objections.

20.    Objections to confirmation of the Plan not timely filed and served in the manner set forth above shall not be considered by the Bankruptcy Court and shall be overruled.

21.    The Debtor is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court, including, but not limited to, the making of any payments reasonably necessary to perform the actions and distributions contemplated herein.

22.    This Court shall retain jurisdiction with respect to all matters related to this Order.

Dated: _____, 2013

                                    _____
                                    HONORABLE PETER J. WALSH
                                    UNITED STATES BANKRUPTCY JUDGE