**Exhibit B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NAMCO, LLC, | ) | Case No. 13-10610 (PJW) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |

## ORDER GRANTING DEBTOR AUTHORIZATION AND APPROVAL TO ENTER INTO INSURANCE PREMIUM FINANCING AGREEMENT WITH AFCO CREDIT CORPORATION

Upon the Motion (the "Motion") of Namco, LLC as debtor in possession (the "Debtor") to enter into an insurance premium finance agreement; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED.

2149717-1

2.      Pursuant to Section 364(c)(2) of the Bankruptcy Code, the Debtor is hereby authorized to enter into the Agreement, a copy of which is annexed hereto as Exhibit 1 and made a part hereof; and it is further

3.      AFCO is hereby granted a first and only priority security interest in:

(i) any and all unearned premiums and dividends which may become payable under the financed insurance Policies for whatever reason;

(ii) loss payments which reduce the unearned premiums under the Policies, subject to any mortgagee or loss payee interests; and

(iii) any state guarantee fund relating to the Policies.

4.      The Debtor is hereby directed to pay AFCO all sums due pursuant to the Agreement.

5.      The full rights of AFCO pursuant to the Agreement and controlling state law be and the same hereby are fully preserved and protected and are and shall remain unimpaired by the pendency of the bankruptcy case or any subsequent conversion of this proceeding to a Chapter 7 or any subsequent appointment of a trustee.

6.      In the event that the Debtor defaults upon any of the terms of the Agreement, AFCO may exercise such rights as it may otherwise have under state law, but for the pendency of this proceeding and, without the necessity of further application to this Court, cancel all insurance policies listed on the Agreement or any amendment thereto, and receive and apply all unearned insurance premiums to the account of the Debtor.  In the event that, after such application of unearned premiums of the Policies, any sums still remain due to AFCO pursuant to the Agreement, such deficiency shall be deemed an administrative expense of the estate.

2149717-1

Dated: _____, 2013
       Wilmington, Delaware

                                       _____

                                       THE HONORABLE PETER J. WALSH
                                       UNITED STATES BANKRUPTCY JUDGE

3

**<u>Exhibit 1</u>**

*"Intentionally Omitted"*